SCRUGGS v. NORTHERN ET AL.

[85 South. 89, No. 21080.]

1. MORGAGES.  *Prayer of complaint in foreclosure may be withdrawn,
although joined in by answer and cross-bill.*
A bill of complaint, praying for the foreclosure of a deed of trust
by the sale of the property therein described, may be amended
so as to withdraw the prayer thereof, although the defendant by
answer and cross-bill has joined in such prayer.

2. EQUITY.  *When offer in bill of complaint becomes irrevocable by
acceptance.*
When an offer tendered in a bill of complaint is irrevocable after
acceptance by the defendant, such acceptance, in order to have
that effect, must be in the terms of the offer.

3. MORTGAGES.  *Deed of trust held to permit appointment of substitute
trustee by assignee of debt.*
A provision in a deed of trust that in event the trustee therein
shall decline to execute the trust it shall be lawful for the bene-
ficiary therein, his executor, administrator, or assigns, under
his hand and seal, to appoint a substitute trustee to execute the
trust does not require such an appointment to be under the
hand and seal of the original beneficiary, but may be made by
an assignee of the debt secured by the deed of trust.

4. MORTGAGES.  *Appointment of substitute trustee by assignee of debt
valid, though assignment not noted on record.*
The appointment of a substitute trustee in a deed of trust by an
assignee of the debt thereby secured when authorized by the
deed of trust is valid, although the assignment of the debt is
not noted on the record of the deed of trust as required by sec-
tions 2794 and 2795, Code 1906 (sections 2295 and 2296, Hem-
ingway's Code).

APPEAL from chancery court of Monroe county.

HON. A. J. MᶜINTYRE, Chancellor.

Suit by Mrs. J. H. Scruggs against Mrs. Irene Northern and others, with answer and cross-bill by defendants. Decree for defendants, and complainant appeals. Reversed and cause dismissed.

*Paine & Paine,* and *Alexander & Alexander,* for appellant.

*W. H. Clifton* and *Lamar F. Easterling,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This is the second appearance of this cause in this court, and, as set forth in our former opinion, 118 Miss. 353, 79 So. 227:

The appellant, "Mrs. J. H. Scruggs, in December, 1908, filed her original bill of complaint in this cause against H. A. Brazill, Irene Brazill, Minta W. Brazill, Ethel Brazill, and John P. Brazill, the husband and minor children of Mrs. Laura T. Brazill, now deceased. In her bill it is averred that H. A. Brazill and his wife, Laura T. Brazill, executed and delivered to C. R. Sykes, trustee, for the use and benefit of Mrs. G. A. Sykes, a deed of trust upon the three hundred and eighty acres of land, the property involved in this suit, to secure an indebtedness of two thousand five hundred dollars, evidenced by promissory note due and payable December 1, 1903, with ten per cent. interest per annum from date; that the said deed of trust was duly filed for record; that on January 20, 1904, the said promissory note and deed of trust were for value transferred and assigned to the complainant; that the trustee named refused in writing to act as trustee; that under the provisions of the deed of trust complainant as assignee appointed in writing T. B. Gibson, substituted trustee, and

had the written appointment filed for record; that thereafter the substituted trustee advertised the lands for sale for the required length of time, and sold the same for cash to the highest and best bidder; and that the complainant became the purchaser thereof at trustee's sale, and received the trustee's deed. It is then averred that under section 2772, Code of 1906, lands sold under mortgages and deeds of trust must be advertised for three consecutive weeks preceding such sale in a newspaper published in the county; that at the time of said sale there was a newspaper published in Monroe county, but the sale was not made by publication in a newspaper, but written notices were posted in three public places in Monroe county; that the wife of the said H. A. Brazill owned the title to said land, but that she died intestate, leaving her husband and other minor defendants as her legal heirs; that since the trustee's sale Gibson, the substituted trustee, had died; 'that under the power given in the said deed of trust the assignee has no authority to appoint a trustee in the event the trustee died;' that complainant has had an offer of purchase for said lands, but that the purchaser had contended that the sale should have been made in accordance with the statute, and for that reason refused to buy, and in order to satisfy said purchaser complainant 'is willing for the land mentioned in the deed of trust to be resold, she, said Scruggs, agreeing to join in the deed, provided the sale will net her the amount of her debt and interest and cost up to the day of sale.' The prayer of the bill is that the proper process be issued, and 'that a trustee be appointed for the purpose of selling the lands under the deed of trust; that he be required to advertise the land for sale, in accordance with the provision of the law as it exists at this time; that he have all the power as given the original Scruggs, trustee, in said deed of trust,' and for general relief.''

To this bill of complaint Henry A. Brazill filed an answer, admitting its allegations and joining in its prayer. Henry A. Brazill died in 1909. Process was served on the minor defendants, but no answer was filed by or for them, and no further proceedings were had in the cause until the latter part of the year 1917, when an answer and cross-bill was filed by the appellees. Whereupon the appellant paid the costs and obtained from the clerk an order dismissing the bill, which order was afterwards set aside on appeal to this court. *Northern* v. *Scruggs,* 118 Miss. 353, 79 So. 227.

The appellees' answer and cross-bill alleges that the sale under the deed of trust was void, because the required notice thereof was not given; that the assignment of the note and deed of trust was not recorded as required by law; that part of the note secured by the deed of trust had been paid before the appellant acquired it; and prays for an accounting by the appellant of the rents and profits alleged to have been received by her from the land since she purchased it at the trustee's sale.

After return of the cause to the court below an amendment was made to the original bill, setting forth that the sale of the land under the deed of trust was in all respects regular and valid; that the bill was filed solely at the request of a prospective purchaser, who had agreed to pay for the land a sum equal to the debt secured by the deed of trust, interests, and costs, but who was no longer willing so to do, and that the appellant does not now desire that the land be again sold under the deed of trust, but, on the contrary, wishes to retain the title obtained by her at the trustee's sale.

An amendment was also made to the answer and cross-bill, denying the allegations of the amended bill and setting forth much new matter, because of which appellees claim the sale under the deed of trust was

void, but which allegations were not sustained by the proof, and will not be here more specifically set forth.

The bill of complaint alleges and the evidence discloses that the required notice of the trustee's sale was given, the affirmative allegations of the cross-bill are not sustained by the evidence, and since by the amendment to the bill the request of the appellant for a resale of the land was withdrawn the decree of the court below must be reversed, unless one of the following contentions of the appellees can be sustained: First, the request of the appellant for a resale of the property and offer by her to join in the deed provided the sale will net the amount of her debt and interest and costs became irrevocable after they were accepted by the appellees' answer and cross-bill; second, the appointment by the appellant of the substitute trustee by whom the sale was made is void.

The amendment to the bill of complaint, setting forth that the appellant no longer desired a resale of the land, and her reasons therefor, was allowed in accordance with the ruling of this court on the former appeal herein; but, conceding for the sake of the argument that such an offer cannot be withdrawn by amending the bill of complaint after it has been accepted by answer and cross-bill, the same result will here follow, for the reason that the appellees did not accept the offer as made in the bill of complaint—that is, for a sale of the land and the payment out of the proceeds thereof of the amount alleged in the bill to be due the appellant— but, on the contrary, alleged in their answer and cross-bill that a part of the note secured by the deed of trust had been paid prior to the time the appellant acquired it, and also attempted to charge her with rents and profits alleged to have been received by her from the land since her purchase thereof at the trustee's sale.

The deed of trust provides that if the original trustee shall decline "to execute this deed of trust then it

shall be lawful for the said third party, her executor administrator or assigns under her hand and seal to appoint another trustee in his place to execute the deed of trust according to its terms.'' One of the appellant's contentions in this connection is that this clause of the deed of trust does not permit an assignee of the note secured by the deed of trust to appoint a substitute trustee, but that this can be done only under the hand and seal of the original owner thereof, the third party to the deed of trust. There is no merit in this contention.

The substitution by the appellant of the trustee by whom the sale under the deed of trust here in question was made appears of record, as required by section 2773, Code of 1906 (section 2277, Hemingway's Code), but no assignment to the appellant of the note secured by the deed of trust is noted on the record thereof, and another contention of the appellees in this connection is that under the provisions of sections 2794 and 2795, Code of 1906 (sections 2295 and 2296, Hemingway's Code), the appellant was without power to appoint a substitute trustee unless an assignment to her of the note secured by the deed of trust was noted on the record thereof. The note here in question is payable to bearer and passed to the appellant by delivery, and it may be that such a note is not within the provisions of the statutes here in question, as to which we are not called on to express an opinion, for these statutes do not provide that they must be complied with before a trustee can be substituted by an assignee, and seem to have no bearing thereon, but each of them provides a penalty for its violation, which penalty must be held to be exclusive of any other.

*Reversed and cause dismissed.*